UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL SUBOTICH and<br>JENNIFER SUBOTICH,<br><br>                                   Plaintiffs,<br>v.<br><br>LIUYANG DUN PAI FIREWORKS MFG.,<br>TRAVELERS PROPERTY CASUALTY<br>COMPANY OF AMERICA, and CERTAIN<br>UNDERWRITERS AT LLOYD'S, LONDON,<br><br>                                   Defendants. | Case No. 15-CV-219-JPS<br><br><br><br><br><br>ORDER |

ORDER

The plaintiffs, Michael and Jennifer Subotich, filed their complaint in this case on February 26, 2015, and later filed an amended complaint on March 20, 2015. (Docket #1, #5). The Subotiches allege that Mr. Subotich was injured by a particular firework manufactured by Liuyang Dun Pai Fireworks Mfg. ("Dun Pai"). (*See* Docket #5). The Subotiches also sued Certain Underwriters at Lloyd's, London ("Lloyd's"), contending that Dun Pai held an insurance policy with Lloyd's. (*See* Docket #5).

On April 14, 2015, the Subotiches served their amended complaint on Lloyd's. (Docket #16, Ex. 1 ¶ 4). Lloyd's did not waive service of process, meaning that Lloyd's responsive pleading was due on May 5, 2015 (21 days after being served). *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

Unfortunately, Lloyd's did not meet that deadline. At the time, Lloyd's was represented by Ms. Barbara Demosthene of the New York office of Mendes & Mount LLP, which had accepted service on Lloyd's behalf. (*See, e.g.*, Docket #16, Ex. 1 ¶ 3; Docket #20 ¶ 3). Apparently, Lloyd's was unsure at the time of service whether it had actually issued an insurance policy to Dun Pai. (*See, e.g.*, Docket #21 at 3; Docket #20 ¶ 4). Thus, Ms. Demosthene,

on Lloyd's behalf, asked Timothy M. Trecek, of Habush Habush & Rottier SC ("Habush"), who serves as the Subotiches' counsel, to agree to an extension of the time for Lloyd's to answer. (Docket #20 ¶ 4).

It is unclear whether Mr. Trecek agreed to this extension. Heidi Vogt, the current attorney for Lloyd's, who is affiliated with von Briesen & Roper, s.c. ("von Briesen"), asserts that Mr. Trecek stated that Ms. Demosthene had earlier advised him that Lloyd's would "complete its investigation either the week of June 15th or the following week" (Docket #20 ¶ 4); Mr. Trecek disputes that assertion (Docket #23, Ex. 1 ¶ 8). However, one thing *is* clear: Lloyd's and the Subotiches never memorialized any agreement with the Court, whether through a stipulation or unopposed motion. In other words, Lloyd's was operating on borrowed time: as soon as May 5, 2015, rolled around, Lloyd's was technically in default, because it had not received a formal extension of time to answer from the Court. It was operating at the mercy of Mr. Trecek, who, at any moment, could have filed a motion for entry of default, abruptly ending the *de facto* extension.

But Mr. Trecek did not do so, at least for several weeks. While there may not have been any formalized agreement between the parties, Mr. Trecek was not pressing Lloyd's to timely file a responsive pleading. Instead, it appears that he and his office took no action with regard to Lloyd's status between April 20, 2015, and June 16, 2015. (Docket #23, Ex. 1 ¶ 5 Docket #23, Ex. 5 ¶¶ 5–6).

On June 16, 2015, Mr. Trecek had a paralegal in his office call Ms. Demosthene to follow up on the status of the investigation into whether Lloyd's had actually issued a policy to Dun Pai. (Docket #23, Ex. 1 ¶ 5; Docket #23, Ex. 5 ¶ 7). Ms. Demosthene called the paralegal back, and explained that Lloyd's could not find a Dun Pai policy. (Docket #23, Ex. 5

¶ 7). Mr. Trecek's paralegal "then advised [Ms. Demosthene] that Lloyd's was more than six weeks late on answering the amended complaint and was in default, and that they needed to formally answer the amended complaint, stating their position as to coverage." (Docket #23, Ex. 5 ¶ 7). Ms. Demosthene stated that she would call Lloyd's to determine which course of action they would like to take and call the paralegal back by Thursday, June 18, 2015. (Docket #23, Ex. 5 ¶ 7). The paralegal "advised [Ms. Demosthene] that [the Subotiches] would wait until Monday (6/22/2015) before moving forward with the Court." (Docket #23, Ex. 5 ¶ 7). The paralegal memorialized this agreement in an email to Mr. Trecek: "I told her we would wait until Monday b4 moving forward w/ the court." (Docket #23, Ex. 8). Mr. Trecek sees things a bit differently, stating that he discussed with his paralegal "the fact that we would move for default judgment on June 22, 2015 if we did not hear back from Ms. Demosthene by June 18, 2015." (Docket #23, Ex. 1 ¶ 5). In other words, Mr. Trecek is implying that he and his paralegal understood—though did not communicate to Ms. Demosthene—that they would file for default judgment on June 22, 2015, if Ms. Demosthene did not get back in touch with them by June 18, 2015, regardless of what occurred between those two dates. (Docket #23, Ex. 1 ¶ 5). Ms. Demosthene clearly disputes Mr. Trecek's (second-hand) understanding of these events. (Docket #25 ¶ 11).

Ms. Demosthene did not get back in touch with Mr. Trecek or his paralegal on June 18, 2015; instead, on Friday, June 19, 2015, Lloyd's retained Ms. Vogt and von Briesen, who immediately attempted to contact Mr. Trecek. (Docket #20 ¶ 5; Docket #20, Ex. 1). Unfortunately for Ms. Vogt, neither Mr. Trecek or his paralegal were in the office on the afternoon of June 19, 2015. (Docket #23, Ex. 1 ¶ 6; Docket #23, Ex. 5 ¶ 9). So, von Briesen's

attorneys scheduled a conference call with Mr. Trecek to take place on Monday, June 22, 2015. (Docket #20 ¶ 6). But, when Monday, June 22, 2015, came, Mr. Trecek's legal assistant cancelled the conference call, stating that Mr. Trecek would be out of the office that day and asked to reschedule the call to the following day. (Docket #20, Ex. 1). Mr. Trecek's assistant made clear that Mr. Trecek was "aware of the issue." (Docket #20, Ex. 1).

No matter how "aware of the issue" Mr. Trecek may have been, his actions underscore the appearance of having no intention of attempting to work with von Briesen's attorneys: he moved for default judgment on June 23, 2015. (Docket #16). This prompted Lloyd's, through Ms. Vogt, to file its answer (which was, of course, several weeks late at this point) and to simultaneously move for an extension of time to allow them to file their answer late, instanter. (Docket #17, #18). The Subotiches, through Mr. Trecek, oppose that request and demand that Lloyd's be held in default as a result of their late filing of their answer. (Docket #23).

To be sure, Lloyd's and their original attorney, Ms. Demosthene, are not without fault. Unfortunately, in retrospect, Ms. Demosthene ought not have relied on the goodwill of Mr. Trecek. But that fault is extensively mitigated by three important considerations: (1) from April 20, 2015, through June 16, 2015, Mr. Trecek and his staff took no action to compel Lloyd's to answer; (2) Mr. Trecek's paralegal seems to have told Ms. Demosthene that Mr. Trecek would not take any action until June 22, 2015, and von Briesen made several attempts to contact Mr. Trecek before that date, only to be rebuffed by Mr. Trecek's absence from the office; and (3) despite being aware of von Briesen's efforts to get in touch with him to discuss the issue, Mr. Trecek moved for default judgment. To be sure, Ms. Demosthene should have gotten Mr. Trecek to agree to an extension in writing. But Mr. Trecek's

Case 2:15-cv-00219-JPS    Filed 07/31/15    Page 4 of 7    Document 27

course of action implied that he would allow Lloyd's time to investigate. Then, all of a sudden, Mr. Trecek decided that period of investigation was over—dissing any effort of von Briesen to right the ship—and moved for default, even though it was clear that, with the benefit of new local counsel, Lloyd's was ready to move forward.

But, even taking into account the minor fault of Lloyd's and Ms. Demosthene, Mr. Trecek's position clearly is not supported for a number of very cogent reasons.

First, the Seventh Circuit expressly favors rulings on the merits over default judgments. *E.g.*, *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)).

Second, in moving for entry of default, Mr. Trecek did not follow the proper procedures. Rather than moving for entry of default, he moved for entry of default *judgment*, which may not be granted until after entry of default. *See* Fed. R. Civ. P. 55; *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Moreover, he did not cite to the correct rule of civil procedure in his motion. (*See* Docket #16 (citing to "Fed. R. Civ. P. 12(1)(A)(i)," which of course does not exist; presumably, he meant Fed. R. Civ. P. 12(a)(1)(A)(i), but that Rule deals with service of process rather than default judgment)). More to the point, Mr. Trecek failed to file an accompanying memorandum of law or certificate stating that no memorandum would be filed, contrary to the provisions of Civil L.R. 7(a). (*See* Docket #16). Standing alone, this lack of attention to detail proves fatal, as the failure to file a memorandum or certificate "is sufficient cause for the Court to deny the motion." Civil L.R. 7(d). But the reasons for denying Mr. Trecek's motion do not end there.

Third, even if the Court deemed that entry of default was appropriate, it could set default "aside before entry of judgment upon [a] showing [of] good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). Lloyd's clearly meets each of those three requirements. To begin, good cause for the default exists: it was spurred along by Mr. Trecek's own inaction. Next, upon learning that Mr. Trecek expected them to file an answer, Lloyd's took prompt action: it engaged von Briesen, whose prompt efforts were rebuffed by Mr. Trecek's absence from the office. Finally, Lloyd's has an arguably meritorious defense: it may not have issued an insurance policy to Dun Pai. (*See* Docket #26).

Fourth, Lloyd's is entitled to an extension of time to file its answer. Under Fed. R. Civ. P. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." The confusion regarding when Lloyd's should have filed its answer was attributable, at least in part, to Mr. Trecek's inaction between April 20, 2015, and June 16, 2015. That inaction encouraged Lloyd's to rely on an assumption that time was not of the essence in filing a responsive pleading. Indeed, Mr. Trecek allowed more than a month to pass between the due date and his firm's June 16, 2015 follow-up with Ms. Demosthene. In short, Mr. Trecek's own inaction leads to the inescapable conclusion that Lloyd's had reasonable cause for not timely filing its answer and, further, that its neglect is entirely excusable.

Fifth, Lloyd's delay in responding to the Subotiches' complaint was entirely harmless. Indeed, the Court recently granted the Subotiches an extension of time to serve *the primary defendants in this case*. (Docket #15).

Those defendants—without whose presence Lloyd's, as the purported insurer, may not have any exposure—have not yet been served. "[A] district court's decision to tolerate a defendant's harmless delay in answering a complaint cannot be an abuse of discretion." *Johnson v. City of Kankakee, Ill.*, 397 F. App'x 238, 239-40 (7th Cir. 2010) (citing *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007)).

Significantly, those five reasons weigh mightily against Mr. Trecek's position. Frankly, it is a position that is not well taken—indeed one that, in the view of the Court, is all but disingenuous and unbecoming to an officer of the court, not to mention an experienced trial lawyer.

Thus, the Court is obliged to deny the Subotiches' motion for default judgment and at the same time grant Lloyd's motion for an extension of time and accepts Lloyd's late-filed answer *nunc pro tunc.*

Accordingly,

IT IS ORDERED that the Subotiches' motion for default judgment (Docket #16) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that Lloyd's motion for an extension of time (Docket #18) be and the same is hereby GRANTED, and the Court hereby ACCEPTS Lloyd's late-filed answer *nunc pro tunc* (Docket #17).

Dated at Milwaukee, Wisconsin, this 31st day of July, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge