# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL SUBOTICH and
JENNIFER SUBOTICH,

                Plaintiffs,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, MATT
PALAZSYNSKI, DUN PAI
FIREWORKS GROUP, DUN PAI
MANUFACTURING, ABC
INSURANCE COMPANY, and DEF
INSURANCE COMPANY,

                Defendants.

Case No. 15-CV-219-JPS

**ORDER**

    Plaintiffs have been attempting to serve their second amended complaint upon Defendants Matt Palazsynski ("Palazsynski"), Dun Pai Fireworks Group ("DPFG"), and Dun Pai Manufacturing ("DPM") for over a year. *See* (Docket #66 and #76).[1] Their final deadline to dismiss those defendants or seek their default was May 21, 2017. (Docket #76). On May 19, 2017, Plaintiffs moved for entry of default as to each defendant pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a). (Docket #77).[2]

---

[1]Travelers Property Casualty Company of America, the only remaining non-fictitious defendant, was served and answered the second amended complaint long ago. (Docket #64).

[2]This is neither the first long delay in service for these defendants, nor is it the first time Plaintiffs have sought default; both occurred previously with respect to Plaintiffs' first amended complaint. *See* (Docket #58). The Court did not reach the propriety of service, the issue here, because the complaint named improper defendants. *Id.*

Palazsynski opposed the motion on May 30, 2017. (Docket #84 and #85). DPFG and DPM did not. Plaintiffs replied to Palazsynski's opposition on June 13, 2017. (Docket #88).

Palazsynski is in China and the Dun Pai companies are based there. The central issue in Plaintiffs' motion, then, is whether they were properly served and thus subject to default (there is no question that they have not responded to the second amended complaint). FRCP 4(f)(1) provides that service in a foreign country may be accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [(the "Hague Service Convention")][.]" The United States and China are signatories to the Hague Service Convention. *See* The Hague Conventions, Signatories, Ratifications, Approvals, and Accessions (June 7, 2017), https://www.hcch.net/en/instruments/status-charts.

Article 15 of the Convention describes when default is appropriately taken in suits involving international defendants. It states:

> Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that -
> (a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
> (b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,
> and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

[("Paragraph One")]

>Each contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled -
>>(a) the document was transmitted by one of the methods provided for in this Convention,
>>(b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
>>(c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.
>
>Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

[("Paragraph Two")]

Hague Service Convention, February 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163. In ratifying this treaty, the United States issued a declaration activating Paragraph Two. *Id.*, Designations and Declarations Made on the Part of the United States in Connection with the Deposit of the United States Ratification, Declaration No. 3.

Plaintiffs contend that they have complied with Paragraph Two's prerequisites for default judgment. They used an international process serving company to transmit the second amended complaint to Chinese authorities in April 2016. (Docket #78 at 2). Chinese authorities never acknowledged receipt of the second amended complaint, nor have they responded to requests for updates on the status of service. *Id.* More than six

months (in fact, more than a year) has elapsed since the service documents were delivered. *Id.*

Palazsynski does not genuinely contest these facts. Instead, he maintains that Paragraph One does not allow default in this instance. As quoted above, Paragraph Two states that it applies "notwithstanding the provisions of the first paragraph of this article[.]" As applied to our case, Paragraph One provides that default judgment is improper unless Plaintiffs show 1) Palazsynski was served in accordance with Chinese law, or 2) the service documents were actually delivered to him, his residence, or as otherwise provided in the Hague Service Convention. Palazsynski has produced a notice from the People's Court of Liuyang, the judicial body overseeing the jurisdiction where Palazsynski and the Dun Pai companies were to be served, stating that it never received a summons for this case and was never ordered to serve anything related to this case. (Docket #86-2) (a translated copy of the document).[3] The Liuyang court further states that it would be responsible for such service. *Id.* Palazsynski argues that this affirmative evidence of non-service activates Paragraph One's prohibition on judgment, which cannot be overridden by Paragraph Two.

---

[3]Plaintiffs attack the Liuyang court notice, claiming that it is untranslated and unauthenticated. The first contention is curious, given that the Court accepted Palazsynski's translated copy five days before Plaintiffs filed their reply. *See* Text Order of June 8, 2017. As to authentication, Palazsynski apparently noticed that problem after reading Plaintiffs' reply. Later that same day, he submitted a motion to supplement the record with an affidavit of the clerk of the People's Court of Liuyang. (Docket #89). Though difficult to read in its entirety, the legible portion of the affidavit seems to confirm that service was never accomplished. (Docket #89-1). The Court will grant Palazsynski's motion and accept the affidavit. It does not change the result here.

The Court must disagree with Palazsynski's reading of Article 15. Paragraph Two applies when "no certificate of service or delivery has been received." The "certificate" in question is one prepared and delivered by the "central authority" for process service each signatory is required to establish. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). The central authority receives requests for service, facilitates service in accordance with the state's internal law, and is then required to provide a certificate of service to the requester, providing information on how service was, or was not, accomplished. *Id.* at 699; 20 U.S.T. 361, Arts. 5 and 6. It is uncontested that Plaintiffs received no such certificate and otherwise complied with Paragraph Two's requirements. Palazsynski's own evidence of non-service is, therefore, a nullity.

In other words, Paragraph One prohibits judgment unless a person has been served. Signatories, including the United States, can elect to weaken this requirement by adopting the procedure of Paragraph Two. Only a certificate issued by China's central authority can affect whether that procedure is properly invoked. Affirmative evidence of non-service from the defendant fits nowhere within Article 15's default judgment protocol. In this case, the existence of such evidence is unsurprising, given that the Chinese authorities have never responded to Plaintiffs' transmission of the service documents or requests for updates.

Palazsynski's position is further undermined by a complete absence of citation to relevant case law. While opinions on this narrow question are admittedly scarce, it is difficult for the Court to agree with him when he provides nothing more than his own, unsupported interpretation of Article 15. Though Plaintiffs provide some citations, they are largely inapposite, because they deal with lacking evidence of service, not affirmative evidence

of non-service. *See Marschauser v. Travelers Indem. Co.*, 145 F.R.D. 605 (S.D. Fla. 1992); *Fox v. Regie Nationale des Usines Renault*, 103 F.R.D. 453 (W.D. Tenn. 1984). Most of the opinions are also at least fifteen years old. In the absence of recent guiding precedent, the Court finds it most prudent to reject Palazsynski's strained reading of Article 15.

The Court will grant Plaintiffs' motion and enter default against Palazsynski. Of course, if Palazsynski moves to set aside this entry of default pursuant to FRCP 55(c) and chooses to defend this case on its merits, the Court would consider that request. As of today, however, he has decided to avoid the merits and suffers the attendant consequences. Finally, because the DPFG and DPM have not opposed Plaintiffs' motion, and because it is appropriate to enter default against them for the same reasons as Palazsynski, the Court will enter default as to those entities as well.

Accordingly,

**IT IS ORDERED** that Defendant Matt Palazsynski's second motion to supplement (Docket #89) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiffs' motion for entry of default (Docket #77) be and the same is hereby **GRANTED**.

The Clerk of the Court is directed to enter default against Defendants Matt Palazsynski, Dun Pai Fireworks Group, and Dun Pai Manufacturing.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge