# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL SUBOTICH and JENNIFER SUBOTICH, | |
| Plaintiffs, | Case No. 15-CV-219-JPS |
| v. | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, MATT PALAZSYNSKI, DUN PAI FIREWORKS GROUP, DUN PAI MANUFACTURING, ABC INSURANCE COMPANY, and DEF INSURANCE COMPANY, | **ORDER** |
| Defendants. | |

Two motions are pending before the Court. First is Defendant Matt Palazsynski's ("Palazsynski") motion to set aside the default entered against him. (Docket #91).[1] The default was entered pursuant to a motion by Plaintiffs and an order of the Court. (Motion, Docket #77; Order, Docket #90). The order granting default considered whether Palazsynski, now residing in China, had been properly served in accordance with the Hague convention on service of process. (Docket #90 at 2). The Court weighed the parties' arguments on the subject and concluded that Plaintiffs had indeed complied with the service convention and were entitled to a finding of default. *Id.* at 2-6. In closing, the Court noted that, given the long history of this case, Palazsynski's representation by counsel throughout, and the

---

[1] Plaintiffs responded to the motion on August 17, 2017. (Docket #96). Palazsynski's reply was due on or before August 31, 2017, but he did not file a brief by that date. *See* Civil L. R. 7(c). The motion is thus ripe for decision.

principle favoring resolution of cases on their merits, it would entertain a motion to set aside the default pursuant to Federal Rule of Civil Procedure ("FRCP") 55(c) if Palazsynski "chooses to defend this case on its merits." *Id.* at 6.

Palazsynski's instant motion is nothing of the sort. It is instead a motion for reconsideration of the Court's order on default dressed up as a FRCP 55(c) motion. Palazsynski merely offers arguments he could and should have presented in the briefing on the earlier motion. However, nowhere in his motion does Palazsynski reference the rule for reconsideration of orders, FRCP 60(b). The Court will not engage in a reconsideration analysis that he failed to frame appropriately.

Palazsynski does not even cite the standard applicable to his FRCP 55(c) motion until the final two paragraphs of his brief. (Docket #92 at 6-7). A reference to that standard reveals that Palazsynski's motion is without merit. FRCP 55(c) allows entry of default to be set aside "upon showing good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). The "meritorious defense" element contemplates the defendant offering "more than bare legal conclusions, . . . but less than a definitive showing that the defense will prevail." *Id.* (citation omitted).

Palazsynski does not even suggest that he has a meritorious defense, stating instead that presenting an argument thereon would be "premature[,] in that there is admittedly no service, such that no jurisdiction has been obtained over Defendant." (Docket #92 at 7). It is not his prerogative to simply ignore one of the elements he must prove to establish entitlement to the relief he seeks. Further, Palazsynski has declined the Court's

invitation from the order on default to defend the case on its merits. Instead, he wants to have the case dismissed. *Id.* By failing to establish each of the elements required for FRCP 55(c) relief, the Court finds that Palazsynski has not shown good cause to set aside the default entered against him.

The other pending motion is Plaintiffs' request for entry of default judgment. (Docket #93). The time for a response to that motion has expired and none was filed with the Court. Civil L. R. 7(b). Because Plaintiffs claim a combination of liquated damages, such as medical bills and wage loss, and unliquidated damages, including Plaintiffs' pain, suffering, and loss of society, a hearing must be held to ascertain the amount of the unliquidated damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602-03 (7th Cir. 2007). That hearing will be scheduled for Friday, December 1, 2017, at 11:00 AM. Plaintiffs' motion will not be formally granted until that time, but as noted above, the opportunity to oppose it has closed.

Accordingly,

**IT IS ORDERED** that Defendant Matt Palazsynski's motion to set aside default (Docket #91) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that a hearing will be conducted on Plaintiffs' motion for entry of default judgment (Docket #93) on **Friday, December 1, 2017, at 11:00 AM.**

Dated at Milwaukee, Wisconsin, this 13th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge